**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MELISSA G. TARRICONE** | : | **CIVIL ACTION** |
| | : | |
| , Plaintiff | : | **Jury Trial Demanded** |
| | : | |
| **v.** | : | |
| | : | |
| **THE NEW JERSEY JUDICIARY, SUPERIOR** | : | |
| **COURT, CAMDEN VICINAGE;** | : | |
| | : | |
| **JAMES GRAZIOLI, individually and as an** | : | **Case No.:** _____ |
| **Employee of Defendant Judiciary;** | : | |
| | : | |
| **MICHELLE REGANATO, individually and as** | : | |
| **an Employee of Defendant Judiciary;** | : | |
| | : | |
| **FRANCES FINA, individually and as an** | : | |
| **Employee of Defendant Judiciary; and** | : | |
| | : | |
| **GLEN MOTON, individually and as an** | : | |
| **Employee of Defendant Judiciary** | : | |
| | : | |
| , Defendants | : | **COMPLAINT** |

## JURISDICTION AND VENUE

1.      Plaintiff, Melissa G. Tarricone, brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, which, in connection with 28 U.S.C. §1331 and §1343, provides this Court with jurisdiction to hear the claims herein.

2.      State law claims arise from the same operative facts, and therefore this Court may exercise pendent jurisdiction over them pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C. §1391(b), as the Plaintiff was employed by the State of New Jersey Judiciary, Superior Court, Camden Vicinage, in the State of New Jersey, at all times relevant hereto, and the causes of action arise from said employment and the actions of the Defendants within this district.

**PARTIES**

4.      Plaintiff Melissa G. Tarricone, at all times relevant to this Complaint, was and is an individual who resides in the State of New Jersey, Camden County.  Additionally, at all times relevant hereto, Plaintiff was an employee of the New Jersey Judiciary, Superior Court, Camden Vicinage.

5.      Defendant New Jersey Judiciary, Superior Court, Camden Vicinage (hereinafter "Defendant Judiciary"), at all times relevant to this Complaint, was and is the State of New Jersey agency responsible for the operation and maintenance of civil and criminal courts in Camden County, New Jersey, and is the employer of the individually named defendants herein.

6.      Defendant James Grazioli is an adult individual and, at all times relevant to this Complaint, was an employee of and the Human Resources Manager for Defendant Judiciary.

7.      Defendant Michelle Reganato is an adult individual and, at all times relevant to this Complaint, was an employee of and the Assistant Human Resources Manager/EEO/ADA Officer for Defendant Judiciary

8.      Defendant Frances Fina is an adult individual and, at all times relevant to this Complaint, was an employee of and the Criminal Division Manager for Defendant Judiciary.

9.      Defendant Glen Moton is an adult individual and, at all times relevant to this Complaint, was an employee of and the Court Service Supervisor for Defendant Judiciary.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10.      In or around April 1990, Plaintiff was hired by Defendant Judiciary as a Clerk in the Camden Vicinage courts.

11.      Plaintiff has remained as an employee of Defendant Judiciary from that time until the present, and currently holds the position of Judiciary Clerk 3.

12.     While there are several essential job functions required of a Judiciary Clerk 3, one optional job function involves working directly in a courtroom and taking care of juries.

13.     In or around the fall of 2003, Plaintiff was diagnosed with peripheral neuropathy, a chronic and permanent condition affecting Plaintiff's physical movements and activities.

14.     Said condition qualifies Plaintiff as an individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

15.     In or around the fall of 2005, Plaintiff notified Defendant Judiciary of her medical condition and requested a reasonable accommodation in order to continue to perform the duties of her job.

16.     Specifically, Plaintiff requested that she be transferred from a position working in a courtroom to a position that did not require the same amount of physical activity, but was still within her job description.

17.     Plaintiff provided Defendant Judiciary with all necessary supporting documentation from her treating physician at the time of her request, as well as additional information later pursuant to their request.

18.     Defendant Judiciary ultimately granted Plaintiff's request for an accommodation and removed her from the courtroom in or around early 2006.

19.     Defendant Judiciary continued to provide said accommodation for approximately six (6) years, until the fall of 2012.

20.     On or about August 16, 2012, Plaintiff was informed by Frances Fina, Criminal Division Manager, that Plaintiff was being placed back into a courtroom position, effective September 2012.

21.     At that time, Plaintiff was informed that Defendant Judiciary did not consider the changes made in 2006 as an accommodation to her, but only as a "management decision."

3

22.     Plaintiff was told that she was being switched with another employee who had requested to be removed from courtroom duties due to her need to take care of a sick family member.  Upon information and belief, said family member subsequently passed away, however the other employee is still performing Plaintiff's old duties to date.

23.     On September 5, 2012, Plaintiff was required to return to working within a courtroom, as she had done prior to the accommodation granted in 2006.

24.     Plaintiff subsequently provided Defendant Judiciary with a note from her treating physician dated September 17, 2012, which indicated the ongoing nature of her condition and supporting the need to continue the previously granted accommodation.

25.     On or about September 25, 2012, Plaintiff personally met with James Grazioli, Human Resources Manager, and Michelle Reganato, Assistant Human Resources Manager and ADA Coordinator, to further discuss the revocation of Plaintiff's accommodation.

26.     At that meeting, Plaintiff was offered three options: she could voluntarily be confined to a wheelchair while at work, she could be demoted, or she could elect to be fired.

27.     None of the three options offered were reasonable accommodations, and no further accommodation was offered, including a return to the position occupied from 2006 to 2012. Therefore, Plaintiff was required to remain in a courtroom position.

28.     Since the time that she was placed back into a courtroom position, Plaintiff's medical condition has deteriorated and continues to deteriorate.

29.     Plaintiff proceeded and complied with the internal procedures available to appeal the decision to revoke her accommodation, to no avail.

30.     On October 24, 2012, Plaintiff filed a Charge of Discrimination based on her disability (#530-2013-00179) with the EEOC for the continued discrimination that she was experiencing.

31.     After Defendant Judiciary was served with said Charge, Plaintiff began to experience retaliation from Defendant Judiciary and its employees, including but not limited to her direct supervisor, Glen Moton.

32.     Plaintiff has been verbally harassed, ordered to appear at "pre-discipline" conferences, and had negative information and reports placed into her employment file by fellow employees of Defendant Judiciary.

33.     Plaintiff has also been denied break time required under her contract, and has been denied payment for said missed breaks and overtime which she has worked, by her direct supervisor, Glen Moton.

34.     On May 1, 2013, Plaintiff filed a subsequent Charge of Discrimination based on retaliation (#530-2013-03358) with the EEOC for the actions of Defendant Judiciary and its employees from October 2012 onward.

35.     The actions of the Defendants have served as a significant financial and emotional detriment to Plaintiff.

## COUNT I - FEDERAL CAUSE OF ACTION
### (Disability Discrimination in Violation of 42 U.S.C. §12101, *et seq.*)

36.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

37.     The Defendants' conduct elaborated herein constitutes discrimination based upon disability, in violation of the Americans with Disabilities Act of 1990.

38.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, in an amount to be determined by the jury at trial.

39.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, public humiliation, damage to her reputation, anxiety, deterioration of

her medical condition, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

40.     The above-described actions of Defendants were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

## COUNT II - FEDERAL CAUSE OF ACTION
### (Reprisal for Engaging in Protected Activities)

41.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

42.     The Defendants' conduct elaborated herein constitutes retaliation against the Plaintiff because she engaged in activities protected by the Americans with Disabilities Act.

43.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, in an amount to be determined by the jury at trial.

44.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, public humiliation, damage to her reputation, anxiety, deterioration of her medical condition, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

45.     The above-described actions of Defendants were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

## COUNT III - FEDERAL CAUSE OF ACTION
### (Hostile and Abusive Working Environment)

46.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

47.     The Defendants' conduct elaborated herein constitutes a hostile and abusive working environment in violation of the Americans with Disabilities Act.

48.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, in an amount to be determined by the jury at trial.

49.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, public humiliation, damage to her reputation, anxiety, deterioration of her medical condition, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

50.     The above-described actions of Defendants were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

### COUNT IV - STATE CAUSE OF ACTION
### (New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.*)

51.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

52.     The Defendants' conduct elaborated herein constitutes discrimination against the Plaintiff based upon her known disability in violation of the New Jersey Law Against Discrimination.

53.     Defendants conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

54.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, in an amount to be determined by the jury at trial.

55.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, public humiliation, damage to her reputation, anxiety, deterioration of her medical condition, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

## COUNT V - STATE CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

56.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

57.     By engaging in the offensive conduct described herein, Defendants intentionally and/or recklessly cause severe emotional distress to Plaintiff.

58.     Defendants' conduct was so outrageous in character and so extreme in degree as to fall outside the bounds of decency.

59.     Defendants' conduct was done with the intent that Plaintiff would suffer severe emotional distress and/or with reckless disregard for same.

60.     At all times relevant hereto, Defendants knew or should have known with substantial certainty that severe emotional distress would be the result of their conduct.

61.     As a direct result of said unlawful, intentional, and/or reckless actions by the Defendants, Plaintiff has suffered severe emotional distress which is, or may be, permanent in nature, all to her financial loss and detriment.

62.     As a further direct result of said unlawful, intentional, and/or reckless actions by the Defendants, Plaintiff has been caused to undergo and experience in the past, and will or may continue to undergo and experience in the future, significant suffering, humiliation, and embarrassment, all to her financial loss and detriment.

## COUNT VI - STATE CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

63.     The Plaintiff repeats all above paragraphs as if set forth at length herein.

64.     Defendants have a duty to act in the same manner as would a reasonably prudent person.

65.     A reasonably prudent person exercising due care would have refrained from the unlawful, reckless, and negligent conduct described in this Complaint because of the unreasonable risk that such actions could have caused Plaintiff to suffer emotional distress.

66.     Defendants breached their duty by acting in the manner described herein and by failing to act in the manner of a reasonably prudent person.

67.     As a direct result of said negligent actions by the Defendants, Plaintiff has suffered severe emotional distress which is, or may be, permanent in nature, all to her financial loss and detriment.

68.     As a further direct result of said negligent actions by the Defendants, Plaintiff has been caused to undergo and experience in the past, and will or may continue to undergo and experience in the future, significant suffering, humiliation, and embarrassment, all to her financial loss and detriment.

**WHEREFORE**, Plaintiff, Melissa G. Tarricone, demands judgment against all Defendants, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars and requests the following relief:

a.     Compensatory damages;

b.     Punitive damages;

c.     Reasonable attorney's fees and costs;

d.     Other and further relief as this Court may deem appropriate.

By:     _____

Brian A. Pelloni, Esquire
Brian@Hornstine.com

1500 Walnut Street, Suite 300
Philadelphia, PA 19102
Tel: (215) 568-4968
Attorney for Plaintiff