

Brian A. Pelloni, Esq. *◊  
Blair Leah Hornstine, Esq. *  
Louis F. Hornstine, Esq. *◊ϑ□  
David J. Groth, Esq. *□

\* Licensed in PA  
◇ Licensed in NJ  
ϑ Licensed in NY  
† NJ Managing Attorney  
□ Counsel to the Firm

1500 Walnut Street, Suite 300, Philadelphia, PA 19102  
P: 215-568-4968     www.Hornstine.com     F: 609-964-1849  
**(Please Forward All Correspondence to Philadelphia Office)**

200 New Jersey Avenue  
North Wildwood, NJ 08260  
(By Appointment Only)  
P: 609-523-2222

8000 Sagemore Drive  
Suite 8302  
Marlton, NJ 08053  
P: 856-596-2000

September 19, 2014

VIA CM/ECF and FIRST CLASS MAIL

The Honorable Renee Marie Bumb, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      RE:    Tarricone v. New Jersey Judiciary, et al.
                Civil Action No.: 14-4162 **(RMB-AMD)**

Dear Judge Bumb:

      As the Court is aware, our office represents the Plaintiff in the above referenced matter. Please accept this letter in response to Defendants' pre-motion conference request and in response to the Court's Order of September 15, 2014. For the reasons stated herein, I would respectfully disagree with the Defendants' position that Plaintiff's claims should be dismissed in their entirety.

      I would initially note that there was a brief delay in filing this response, as I was under the mistaken impression that the Court would issue a scheduling order as it had when Defendants originally filed their Motion. I apologize for any confusion in this regard, and I thank Your Honor in advance for considering this submission and Plaintiff's position explained herein.

      First, with respect to Defendants' reliance on <u>Bd. of Trs. of the Univ. of Ala. v. Garrett</u> for immunity from suit, I would note that "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." <u>Virginia Office for Protection and Advocacy v. Stewart</u>, 131 S. Ct. 1632, 1651 (2011) (relying upon <u>Ex parte Young</u>, 209 U.S. 123 (1908). The Plaintiff in the present matter is still an employee of the Defendant Judiciary, and the acts of the Defendants are ongoing. To the extent the Court would be inclined to dismiss the Complaint as filed, I would respectfully request leave to amend and include specific requests for injunctive relief.

      Second, to the extent that such an amendment would be permitted, the case law is clear that federal claims can be made under the ADA against state employees when "acting in their official capacity." <u>Koslow v. Pennsylvania</u>, 302 F.3d 161, 179 (3d Cir. 2002). Here, the individuals named as Defendants were all acting in their official, supervisory capacity when they committed the alleged acts of discrimination against the Plaintiff. To that end, dismissal of Plaintiff's Complaint would be improper.

Hon. Renee Marie Bumb
09/19/14
Page 2

 Third, with respect to Defendants' argument regarding the proper characterization of Plaintiff's claims, there is no dispute that Title II is inapplicable. Plaintiff's claims are brought solely under Title I.

 Fourth, none of Plaintiff's claims are barred by a failure to exhaust administrative remedies. Plaintiff pursued all internal avenues of relief, as well as pursuing a claim through the EEOC. Ultimately, no relief was obtained and Plaintiff had no recourse other than to file suit. Interestingly, Defendants fail to mention what administrative remedies were/are still available to the Plaintiff that she failed to pursue.

 Fifth, with respect to this Court's jurisdiction over Plaintiff's state law claims, it should be noted that the <u>Raygor</u> matter relied upon by Defendants' only dealt with the issue of § 1367 tolling the statute of limitations on claims ultimately dismissed on Eleventh Amendment grounds. It is inapplicable to the facts before this Court.

 Sixth, and finally, a Plaintiff's filing and participation with the EEOC has been held to be sufficient to satisfy the notice requirements of the New Jersey Tort Claims Act. The allegations made in the EEOC complaint were done with sufficient specificity to put the Defendants on notice of her potential claims, and they were made timely.

 For all of the above reasons, Plaintiff would respectfully request that the Court schedule a pre-motion conference.

Respectfully,

Brian A. Pelloni, Esq.

cc: Eric S. Pasternack, Esq.