IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MELISSA G. TARRICONE** | : | CIVIL ACTION |
| , Plaintiff | : | |
| | : | Case No.: 14-cv-04612-RMB-AMD |
| v. | : | |
| **THE NEW JERSEY JUDICIARY, SUPERIOR COURT, CAMDEN VICINAGE, et al.** | : | |
| , Defendants | : | |

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

Plaintiff Melissa G. Tarricone, by and through her counsel, Brian A. Pelloni, Esquire, respectfully requests that Defendants' Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) be denied and, in support thereof, incorporates by reference the attached Brief.

Respectfully submitted,

Dated: October 20, 2014         By: _____
Brian A. Pelloni, Esquire
Brian@Hornstine.com
1500 Walnut Street, Suite 300
Philadelphia, PA 19102
Tel: (215) 568-4968
Attorney for Plaintiff

## **CERTIFICATION OF SERVICE**

I, Brian A. Pelloni, Esq., hereby certify that Plaintiff's Answer to Defendants' Motion to Dismiss, Brief in Support of Plaintiff's Answer to Defendants' Motion to Dismiss, and a proposed Order were filed with the Clerk of the United States District Court of New Jersey and that copies of these documents have been sent by First Class Mail to:

    Eric S. Pasternack, Esq.
    Deputy Attorney General
    R.J. Hughes Justice Complex
    25 Market Street
    P.O. Box 112
    Trenton, New Jersey 08625

A courtesy copy of Plaintiff's Answer to Defendants' Motion to Dismiss, Brief in Support of Plaintiff's Answer to Defendants' Motion to Dismiss, and a proposed Order have been sent to the Honorable Renee Marie Bumb's chambers via First Class Mail.

 

Respectfully submitted,

Dated: October 20, 2014    By: _____

    Brian A. Pelloni, Esquire
    Brian@Hornstine.com
    1500 Walnut Street, Suite 300
    Philadelphia, PA 19102
    Tel: (215) 568-4968
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELISSA G. TARRICONE | : | CIVIL ACTION |
| , Plaintiff | : | |
| | : | Case No.: 14-cv-04612-RMB-AMD |
| v. | : | |
| THE NEW JERSEY JUDICIARY, SUPERIOR COURT, CAMDEN VICINAGE, et al. | : | |
| , Defendants | : | |

## ORDER

This matter having come before the Court on Defendants' Motion to Dismiss and in consideration of Plaintiff's Answer to Defendants' Motion to Dismiss, and the Court having considered the papers submitted herein; and for good cause shown;

IT IS ORDERED on this _____ day of _____, 2014, that Defendants' Motion to Dismiss is hereby DENIED.

_____
HONORABLE RENEE MARIE BUMB, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MELISSA G. TARRICONE** | : | CIVIL ACTION |
| , Plaintiff | : | |
| | : | Case No.: 14-cv-04612-RMB-AMD |
| v. | : | |
| THE NEW JERSEY JUDICIARY, SUPERIOR COURT, CAMDEN VICINAGE, et al. | : | |
| , Defendants | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

## I. INTRODUCTION

Plaintiff, Melissa G. Tarricone, filed an initial civil Complaint on July 23, 2014. Defendants filed a Motion to Dismiss on August 20, 2014. However, Defendants' motion was administratively terminated without prejudice on August 21, 2014. On September 2, 2014, Defendants requested a conference to discuss the issues raised in Defendants' Motion to Dismiss. The Court Ordered Plaintiff to respond to Defendants' Letter on or before September 19, 2014. Plaintiff filed a letter in response to Defendants' Letter on September 19, 2014. On September 26, 2014, the Court determined that a pre-motion conference would not be productive and allowed the Defendants to proceed with their Motion to Dismiss. Defendants field their motion to Dismiss on September 29, 2014.

## II. STANDARD OF REVIEW

**Standard of Review under Federal Rule of Civil Procedure, Rule 12(b)(1)**

A court has the right to dismiss a case under Fed. R. Civ. Pro. 12(b)(1) for "lack of jurisdiction over the subject matter." Fed. R. Civ. Pro. 12(b)(1). The standard of review under

Rule 12(b)(1) is not a difficult hurdle to overcome: "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false." Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989). Further, the "threshold to withstand a motion to dismiss" under Rule 12(b)(1) is lower than the threshold for dismissal under Rule 12(b)(6). Court may "dismiss a claim for lack of jurisdiction if the federal claim is 'made solely for the purpose of obtaining jurisdiction' or if the claim is 'wholly insubstantial and frivolous.'" Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895 (3d Cir. 1987) (quoting Bell v. Hood, 66 S. Ct. 773 (1946)). A dismissal under Rule 12(b)(1) is proper when the claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting Oneida Indian Nation v. County of Oneida, 94 S. Ct. 772, (1946))

**Standard of Review under Federal Rule of Civil Procedure, Rule 12(b)(6)**

The pleading requirements under the Federal Rules of Civil Procedure require that a complaint need only set "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. When deciding a motion under Fed.R.Civ.P. 12(b)(6), dismissal should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

Following the Supreme Court's decisions in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Court must conduct a two-part analysis when considering a Rule 12(b)(6) motion. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). First, the Court "must accept all of the complaint's well-pleaded facts as true," and must accept as true all reasonable inferences drawn therefrom. Id. at 210; Nami v. Fauver,

82 F.3d 63, 65 (3d Cir. 1996).  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S. Ct. at 1950).

The "plausibility" analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

The principles set forth in Twombly and Iqbal do not create an enhanced pleading requirement.  On the contrary, they upheld the long standing principles of basic pleading requirements set forth in many prior cases.  See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S.Ct. 1160 (1993) (rejecting heightened pleading requirement in civil rights cases).

Finally, this Court in consideration of the sufficiency of the pleading may consider undisputed documents on which the Complaint relied.   As Judge Becker wrote:

> Where, as here, the allegations of a complaint are based on underlying written documents, and the authenticity of those documents is unchallenged, I believe that a court may properly consider those documents on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), even if the documents are not formally attached to the complaint.

Goodwin v. Elkins & Co., 730 F.2d 99, 113 (1984), (Becker, J., concurring).  See also, Davies v. Polyscience, Inc., et al., 126 F. Supp. 2d 391, 393, n. 3 (2001).

### III. ARGUMENT

**Plaintiff's Response to Defendants' Argument that Congress Has Not Abrogated the State's Eleventh Amendment Immunity From Suit for Claims Brought Under Title I of the ADA**

Defendants assert that Plaintiff's Complaint must be dismissed as the Americans with Disability Act (ADA) as Congress has not pierced the State's Eleventh Amendment Immunity to allow claims under Title I. With respect to Defendants' reliance on Bd. of Trs. of the Univ. of Ala. v. Garrett for immunity from suit, it is important to note that "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." Virginia Office for Protection and Advocacy v. Stewart, 131 S. Ct. 1632, 1651 (2011) (relying upon Ex parte Young, 209 U.S. 123 (1908)). Plaintiff in the current matter remains an employee of Defendant New Jersey Judiciary (hereinafter "Defendant Judiciary") and the acts of all Defendants remain an ongoing issue. Plaintiff is entitled to seek injunctive relief in these circumstances as she is still suffering harm. Therefore, to the extent the Court determines that Garrett is applicable to the present matter, Plaintiff respectfully suggests that dismissal of the Complaint is the improper action. Instead, the appropriate remedy would be to grant Plaintiff leave to amend the Complaint and plead with specificity the injunctive relief sought. Such an amendment is fully permissible under Title I and does not violate the State's Eleventh Amendment Immunity.

**Plaintiff's Response to Defendants' Argument that Plaintiff's ADA Claims Against Individually Named Judiciary Defendants Must be Dismissed Because the ADA Does Not Permit Suit Against Individuals**

Where discrimination is ongoing and requires Court intervention, the case law is clear that federal claims can be pursued against individual state employees under the ADA when they are "acting in their official capacity." Koslow v. Pennsylvania, 302 F.3d 161, 179 (3rd Cit.

2002). In the current matter, the individually named Defendants were all acting in their official and supervisory capacity when they committed acts of discrimination against Plaintiff. Further, Plaintiff continues to suffer acts of discrimination. Respectfully, Plaintiff believes that the dismissal of her Complaint under these circumstances would be improper.

**Plaintiff's Response to Defendants' Argument that the ADA Does Not Permit Employment Related Disputes to be Brought Under Title II of the ADA as Congress Intended That Such Disputed be Brought Under Title I**

With respect to Defendants' argument regarding the proper characterization of Plaintiff's claims, there is no dispute that Title II is inapplicable. However, Plaintiff's claims have been brought solely under Title I. Defendants' argument for dismissal under this claim is therefore moot.

**Plaintiff's Response to Defendants' Argument that Plaintiff's Retaliation Claim Must Also Be Dismissed Due to Her Failure to Exhaust Administrative Remedies**

Plaintiff's claims are not barred by any failure to exhaust administrative remedies. Plaintiff properly and completely pursued all internal avenues of relief. Additionally, Plaintiff pursued her claim through the United States Equal Employment Opportunity Commission (hereinafter "EEOC"). Ultimately, no relief was granted to Plaintiff and she was left with no recourse other than to file her current Complaint.

The EEOC issued a Notice of Right to Sue letter to Plaintiff on April 18, 2014.  (See Defendants' Exhibit A).  As it clearly states in the letter, Plaintiff had ninety days from the date she received the Notice of Right to Sue to file suit against Defendants. Plaintiff timely filed her suit within the ninety (90) days. Plaintiff fully exercised her and exhausted her administrative remedies.

Further, Defendants have failed to mention any administrative remedies that were and/or are still available to Plaintiff, and have failed to state what administrative remedies she failed to pursue. Respectfully, Defendants' argument is without merit and the Motion should be denied.

**Plaintiff's Response to Defendants' Argument that the State Has Never Waived Sovereign Immunity and Therefore This Court Lacks Jurisdiction over Plaintiff's State Law Claims**

Defendants' argument that this Court lacks jurisdiction over Plaintiff's state law claims relies specifically on the case of <u>Raygor v. Regents of the Univ. of Minnesota</u>, 534 U.S. 533 (2001). It should be notes that the <u>Raygor</u> matter only dealt with the issue of 28 U.S.C. § 1367 and if that law tolled the statute of limitations on claims that were ultimately dismissed on Eleventh Amendment grounds. Respectfully, Plaintiff states that the <u>Raygor</u> decision is completly inapplicable to the facts before the Court. Therefore, Defendants argument for dismissal should be denied.

**Plaintiff's Response to Defendants' Argument that Plaintiff's Tort Claims Against the Judiciary Defendants Must be Dismissed Due to Plaintiff's Failure to Show that a Notice of a Claim was Timely Filed**

The purpose of a Notice of Tort Claim is to put a public entity on notice of a potential action, and such notice is not necessary where the entity is already specifically aware of alleged improper actions. In other matters decided by the District of New Jersey, it was determined that the filing of an EEOC complaint is sufficient to provide a defendant with "sufficient notice" of a potential cause of action. <u>King v. Port Authority</u>, 90 F.Supp. 938, 947 (D.N.J. 1995) The allegations in Plaintiff's Complaint are the same as those made in her EEOC charge and were done with sufficient specificity to put Defendants on notice of Plaintiff's potential claims. Further, Plaintiff's EEOC Complaint was filed within ninety (90) days of any actions against her, and was therefore timely under the New Jersey Tort Claims Act.

## IV. <u>CONCLUSION</u>

  For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss, or in the alternative, grant Plaintiff leave to file an Amended Complaint.

                   Respectfully submitted,

Dated: October 20, 2014      By:  */s/ Brian A. Pelloni*

                   Brian A. Pelloni, Esquire
                   Brian@Hornstine.com
                   1500 Walnut Street, Suite 300
                   Philadelphia, PA 19102
                   Tel: (215) 568-4968
                   Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MELISSA G. TARRICONE** : | | CIVIL ACTION |
| : | | |
| , Plaintiff : | | |
| : | | Case No.: 14-cv-04612-RMB-AMD |
| v. : | | |
| : | | |
| **THE NEW JERSEY JUDICIARY, SUPERIOR** : | | |
| **COURT, CAMDEN VICINAGE, et al.** : | | |
| : | | |
| , Defendants : | | |

## CERTIFICATION OF COUNSEL

I, Brian A. Pelloni, Esq., being of full age, hereby certify as follows:

1. I am an attorney in the State of New Jersey and I am a partner in the law firm of Hornstine & Pelloni, LLC. I represent Plaintiff, Melissa Tarricone, in the present matter. In this capacity, I am familiar with the facts set forth above.

   I certify under penalty of perjury that the foregoing statements are true and correct.

Dated: October 20, 2014        By: _____
                                   Brian A. Pelloni, Esquire
                                   Attorney for Plaintiff